UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CASE NO. 12-210-SAS-JGW

ALTA COUCH              PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY    DEFENDANT


REPORT AND RECOMMENDATIONS

This is a Social Security appeal filed by plaintiff, through counsel, pursuant to 42 U.S.C. 1383(c)(3). Four issues are presented: (1) whether the administrative law judge's ("ALJ") finding regarding the Listing of Impairments is supported by substantial evidence; (2) whether the ALJ properly evaluated plaintiff's psychiatric impairments; (3) whether the ALJ properly weighed the medical opinion evidence; and (4) whether the ALJ's credibility analysis is supported by substantial evidence. Doc. 12 at 9-18.

I.

Plaintiff Alta Couch is a 55 year old woman with a high school education who previously worked as a nurse's aide and in a grocery store. On June 27, 2010, she filed an application for supplemental security income ("SSI"), alleging she became disabled on January 5, 2010, due to bipolar disorder, chronic low back pain, chronic bronchitis, and obesity. (Administrative Transcript ("Tr.") 108-119, 181, 185, 37, 18). After her claim was denied initially and upon reconsideration, plaintiff requested a hearing *de novo* before an ALJ (Tr. 108-119, 126-128). On May 9, 2011, an evidentiary hearing was held by ALJ Roger L. Reynolds, at which plaintiff, who at that point in the process was not represented by counsel, and a vocational expert, Tina Stambaugh, testified. (Tr. 34).

On June 17, 2011, the ALJ entered his decision denying plaintiff's claim. (Tr. 16-26). On October 18, 2011, the Appeals Council declined plaintiff's request for review, which she also sought without the assistance of counsel, and the ALJ's decision became defendant's final determination. (Tr. 5-12).

The ALJ's "Findings of Fact and Conclusions of Law," which represent the rationale of the decision, were as follows:

1. The claimant has not engaged in substantial gainful activity since June 29, 2010, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: bipolar disorder; chronic low back pain secondary to degenerative disc disease of the lumbar spine with disc bulges; chronic obstructive pulmonary disease secondary to bronchitis and continued nicotine abuse; and obesity (64 inches in height and 184 pounds, BMI of 33.28) (20 CFR 416.920(c)).
. . . . . . . . . .

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
. . . . . . . . . .

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of medium work as defined in 20 CFR 416.967(c). That is, lifting and carrying up to fifty pounds occasionally, twenty pounds frequently, with sitting, standing and walking for six hours each in an eight hour day. The claimant can do medium and light work activities with no climbing of ropes, ladders or scaffolds, occasional climbing of stairs or ramps; no aerobic activities such as running or jumping; no exposure to concentrated vibration, dust, gases, smoke, fumes, temperature extremes, excess humidity or industrial hazards. She requires entry-level work with simple, repetitive one-two step procedures, no frequent changes in work routines, and she should work in an object-oriented environment with only occasional and casual contact with the general public.
. . . . . . . . . .

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
. . . . . . . . . .

6.       The claimant was born on October 13, 1957 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963.

7.       The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.       Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9.       Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
. . . . . . . . . .

10.      The claimant has not been under a disability, as defined in the Social Security Act, since June 29, 2010, the date the application was filed (20 CFR 416.920(g)).

(Tr. 16-26).

On appeal to this Court, plaintiff submitted four assignments of error. Each will be address in turn.

## II.

On a Social Security appeal, the Court is to determine whether the ALJ's non-disability finding is supported by substantial evidence and ensure no error of law was committed. 42 U.S.C. § 1382(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the Court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The

3

> substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the SSA asks if the claimant is still performing substantial gainful activity; at Step 2, the SSA determines if one or more of the claimant's impairments are "severe;" at Step 3, the SSA analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the SSA determines whether or not the claimant can still perform his or her past relevant work; and finally, if it is established that claimant can no longer perform her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. 20 CFR §§ 404.1520, 416.920; *Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

The plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 416.912(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 1382(c).

### III.

The ALJ believed plaintiff had several severe impairments: bipolar disorder, chronic back pain, chronic obstructive pulmonary disease, and obesity. (Tr. 18). He did not find that they, either individually or in combination, met a listed impairment, however. *Id*. In making that determination, the ALJ considered the subsections of Listing 1.00 related to limitations

4

affected by obesity, Listings 3.02(a) and (b) related to respiratory problems, and Listing 12.04 relating to mental affective disorders. (Tr. 18-21). The ALJ ultimately determined that plaintiff had the residual functional capacity ("RFC") to perform a restricted version of medium work. (Tr. 21).

The ALJ made his RFC assessment based on the objective medical record and opinion evidence. While he considered plaintiff's obesity to be a severe limitation, he noted that there was no evidence of inability to ambulate, bend, or stoop adequately to perform activities of daily living, and no evidence that it exacerbated her respiratory problems to a sufficient degree. (Tr. 19). He made similar findings regarding her back problems and pulmonary disorder. (Tr. 19-21). The ALJ also conducted an in depth review of plaintiff's mental limitations, finding that she had no marked difficulties in any of the relevant categories. (Tr. 20).

## A.

In her first assignment of error, plaintiff argues that the ALJ's finding regarding the Listing of Impairments is not supported by substantial evidence. Doc. 12 at 9. Specifically, plaintiff maintains the case should be remanded back to the ALJ because he failed to explain adequately why plaintiff's respiratory impairment did not meet or equal Listing 3.02. *Id*.

Listing 3.02, which relates to chronic pulmonary insufficiency, is met if spirometry test results are below a certain threshold, which varies depending upon the height of the claimant. Plaintiff underwent such testing in June 2010 and obtained a score below her respective threshold. (Tr. 459). In addition to satisfying the testing requirements, plaintiff also points out that she suffers from obesity. While not a Listed Impairment itself, obesity can act in combination with a Listed Impairment to meet or equal the Listing when that would otherwise

5

not be the case without the presence of obesity.  Plaintiff argues that her obesity bolsters her case for meeting Listing 3.02.  Doc. 12 at 10.

The ALJ did note that the pulmonary function test produced results that "if valid would meet the requirements of Listings 3.02(and 3.02(b).  However," the ALJ continued, "the chest [x-ray] indicated no lung disease, and the claimant's treating physician took no action other than [to] admonish the claimant to stop smoking and to prescribe a proventil inhaler.  Dr. Chaney noted the claimant was having a bronchitis exacerbation a week before the pulmonary function study." (Tr. 19).  While plaintiff makes several points in arguing that the ALJ's analysis was incorrect, defendant counters each effectively.  The ALJ explained his decision to discount the test results by citing a chest x-ray showing an absence of disease and her own doctor's mild response to the study, which the ALJ believed "indicat[ed] that Dr. Chaney did not feel the test results valid." (Tr. 24).  The ALJ also pointed to plaintiff's daily activities, which were not significantly restricted despite her lung problems.  (Tr. 20).  In short, the ALJ gave good reasons for disregarding the pulmonary function test and there is substantial evidence supporting his finding that plaintiff did not meet Listing 3.02.  The first assignment of error should be denied.

**B.**

Plaintiff's second assignment of error asserts that the ALJ did not properly evaluate plaintiff's mental impairments.  Plaintiff maintains that the ALJ injected his own non-medical opinion regarding plaintiff's psychiatric problems when he emphasized that much of plaintiff's counseling related to her difficulties dealing with her husband's infidelity.  Plaintiff argues *Barnhorst v. Comm'r of Soc. Sec.*, 2011 WL 3812639 (S.D. Ohio, August 26, 2011), is on point.  Doc. 12 at 11-12.  There, the ALJ discounted the claimant's claim of depression because the ALJ believe it was merely the result of a recent divorce and not a long term limitation.  *Id*.  Plaintiff

6

also argues that the ALJ did not correctly assess plaintiff's periods of decompensation in evaluating her mental limitations. *Id*. at 13.

While the ALJ did note that plaintiff often discussed her marital issues with her counselor (Tr. 25), he did not do so for the purpose of discrediting her mental limitations, as the ALJ in *Barnhorst* did; rather, the ALJ here was simply recounting her counseling history. The ALJ ultimately determined that plaintiff's mental limitations were significant and assigned an RFC that accounted for her moderate difficulties, supporting her findings with record evidence and expert opinion. (Tr. 21-23). *Barnhorst* is inapposite and the ALJ properly assessed plaintiff's mental limitations.

Moreover, with respect to plaintiff's periods of decompensation, defendant correctly notes that though plaintiff has been psychiatrically hospitalized multiple times, each hospitalization occurred years before her alleged disability onset date. Listing 12.00(B)(4) requires three such episodes within a year, in addition to at least one functional area of marked limitations. Doc. 17, 6-7. Plaintiff meets neither requirement, much less both, which plaintiff all but concedes in her reply brief. *See* Doc. 18 at 4. Therefore, plaintiff's second assignment of error should be denied.

## C.

For her third assignment of error, plaintiff argues that the ALJ improperly weighed the medical opinion evidence. Plaintiff asserts that the ALJ dismissed examining physician Dr. Dusseault's opinion that plaintiff was disabled without sufficient support or explanation. She alleges that Dr. Dusseault's opinion was well-supported by objective medical evidence and should have been given significant weight. Doc. 12 at 14.

In discounting Dr. Dusseault's opinion, the ALJ reviewed Dr. Dusseault's examination findings in depth, which revealed that plaintiff had fairly insignificant limitations in most regards. (Tr. 24). Furthermore, the ALJ adequately addressed Dr. Dusseault's opinion that plaintiff could perform only part-time work. He considered it "vague" because it speaks to an issue not relevant to whether plaintiff is disabled, which concerns full-time work, while also deeming it unexplained, since it was unsupported and so clashed with his rather benign findings. *Id*. The ALJ committed a significant amount of his opinion to explaining why Dr. Dusseault's opinion was inconsistent with the objective medical evidence in the case (even that supplied by Dr. Dusseault) and should be discounted. In sum, the ALJ properly evaluated the opinion evidence and plaintiff's third assignment of error should be denied.

### D.

Finally, in her fourth assignment of error plaintiff argues that the ALJ's credibility analysis is not supported by substantial evidence. Plaintiff alleges that the ALJ neither adequately explained himself nor properly considered all of the relevant factors when he determined plaintiff's account of her symptoms was not credible. Doc. 12 at 16; *see* 20 C.F.R. § 416.929(c).

The ALJ gave several reasons for considering plaintiff's disability allegations not entirely credible. Importantly, he cited the objective medical record, which he explained throughout the decision does not support her account. (Tr. 23). For example, while she complains of debilitating back pain, x-rays of her lumbar spine were normal and there was no evidence of herniated discs; and while she maintains she has a disabling pulmonary disease, an x-ray revealed no active disease. (Tr. 24). The ALJ also cited other factors undercutting her claims, including the fact that plaintiff did not work for more than a decade prior to her alleged disability

8

onset date and that she previously sought disability benefits multiple times. *Id*. The ALJ also presented plaintiff's daily activities themselves as proof that her claims are not credible. (Tr. 20). In short, the ALJ adequately explained his reasoning for discounting plaintiff's claims as not credible. Therefore, plaintiff's fourth assignment of error should be denied.

## IV.

.        For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1. The ALJ's non-disability finding be **AFFIRMED**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This, the 28th day of August, 2013,        s/ J. Gregory Wehrman
                                            J. Gregory Wehrman
                                            United States Magistrate Judge

9